IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDY IRA BOURDON,

        Applicant,

v.                                     CIV. NO. 08-0326 MCA/LAM

PUEBLO OF TESUQUE,
OFFICE OF THE GOV.,
JUDGE GEOFFREY TAGER,
LAW ENFORCEMENT P.D.,
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,
DAVID TRUJILLO, WARDEN,[1]

        Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION[2]**

**PROPOSED FINDINGS**

    1.    **THIS MATTER** is before the Court on Applicant Andy Ira Bourdon's *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* (*Doc. 1*) (hereinafter, "Application"), filed on March 25, 2008. The Court has considered

---

[1] Warden David Trujillo was added as a Respondent in this proceeding by order of the Court. *See Order* (*Doc. 4*), filed on March 28, 2008.

[2] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.**

the parties' submissions and relevant law.³  For the reasons set forth below, the Court recommends that the Application and this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and failure to exhaust tribal remedies.

### *Background*

2.　In their answer, the Tribal Respondents argue that Mr. Bourdon's Application should be treated as a habeas corpus petition filed under 25 U.S.C. § 1303 and dismissed for failure to exhaust the tribal remedies of the Pueblo of Tesuque as required for relief under that statute.  *See* Tribal Respondents' Answer (*Doc. 12*) at 11-19.  In addition, the Tribal Respondents argue that they are not proper respondents to this action, because Mr. Bourdon is not in their custody, and because his Application fails on the merits.  *Id.* at 8-11, 19-21.

3.　In their answer, the State Respondents argue that if Mr. Bourdon's Application is treated as a petition for habeas corpus relief under 28 U.S.C. § 2254, it should be dismissed because Mr. Bourdon is in custody pursuant to a judgment of the Pueblo of Tesuque Tribal Court and he is not in custody pursuant to a state court judgment as required by § 2254(a).  *See* State Respondents' Answer (*Doc. 13*) at 2-4.

4.　According to his Application, Mr. Bourdon is incarcerated at the Santa Fe County Detention Center (hereinafter, "SFCDC") in Santa Fe, New Mexico.  *See* Application (*Doc. 1*) at

---

³In response to the Application, Respondents Pueblo of Tesuque, Office of the Governor, Judge Geoffrey Tager and Law Enforcement P.D. (hereinafter, "Tribal Respondents") filed their ***Respondents' Answer and Answer Brief*** (*Doc. 12*) (hereinafter, "Tribal Respondents' Answer"), on June 2, 2008.  Respondents Gary K. King, Attorney General of the State of New Mexico, and David Trujillo, Warden (hereinafter, "State Respondents"), filed their ***Answer*** (*Doc. 13*) (hereinafter, "State Respondents' Answer") to the Application on June 2, 2008.  Mr. Bourdon did not file a reply in support of the Application.

1, 3.[4] He is incarcerated there pursuant to a judgment entered by the Pueblo of Tesuque Tribal Court because the Pueblo does not have a jail or other detention facility of its own and contracts with SFCDC for the use of its detention facility. *See* State Respondents' Answer (*Doc. 13*) at 2-3; Tribal Respondents' Answer (*Doc. 12*), Attachment 2 (*Doc. 12-2* at pages numbered 3-6 in the Court's CM-ECF electronic docketing system).

     5.      The submissions of the parties show that on April 1, 2008, after Mr. Bourdon's Application was filed in this Court, he pled no contest in the Pueblo of Tesuque Tribal Court to charges of driving under the influence and driving while his license was suspended or revoked. *See* Tribal Respondents' Answer (*Doc. 12*), Attachment 2 (*Doc. 12-2* at pages numbered 3-6 in the Court's CM-ECF electronic docketing system). On the same date, he was sentenced on these convictions to a total term of three-hundred and sixty-five (365) days[5], with one-hundred and fifty (150) of those days (less fourteen (14) days credited for time served) to be served in custody, followed by eighteen (18) months of supervised probation. *Id.* at 5.

     6.      As grounds for federal habeas relief, Mr. Bourdon asserts multiple claims which are difficult to understand. *See* Application (*Doc. 1*) at 6-9. He appears to assert that he is entitled to relief under 28 U.S.C. § 2254 based on acts and omissions of the State of New Mexico Motor Vehicle Division related to the administrative suspension and/or revocation of his New Mexico driver's license; his "conviction" of traffic offenses in the Magistrate Court of Sandoval County,

---

[4] Attachment 2 to the Tribal Respondents' Answer suggests that Mr. Bourdon may have been eligible for release from custody on August 15, 2008, but the Court has no evidence that he has been released from custody. *See* Tribal Respondents' Answer (*Doc. 12*), Attachment 2 (*Doc. 12-2* at page numbered 5 in the Court's CM-ECF electronic docketing system).

[5] Mr. Bourdon was sentenced to a term of 365 days for his conviction for Driving Under the Influence (3rd Offense) (hereinafter "DUI") and to 90 days for his conviction for Driving While License Suspended/Revoked, this sentence to run concurrently with his DUI sentence. Tribal Respondents' Answer (*Doc. 12*), Attachment 2 (*Doc. 12-2* at page numbered 3 in the Court's CM-ECF electronic docketing system).

New Mexico; and his conviction of the above-referenced charges in the Pueblo of Tesuque Tribal Court. Mr. Bourdon appears to assert, at least in part, that the proceedings in the Tesuque tribal court and the administrative proceedings regarding his driver's license somehow violated his right to be free of double jeopardy under the United States Constitution. *Id.* at 6.

### *Lack of Subject Matter Jurisdiction*

7. As an initial matter, the Court considers the question raised by the State Respondents of whether the Court has subject matter jurisdiction under 28 U.S.C. § 2254 over Mr. Bourdon's claims related to the administrative suspension and/or revocation of his driver's license and his "conviction" of traffic offenses in the Magistrate Court of Sandoval County, New Mexico. The Court concludes that it does not.

8. Mr. Bourdon does not allege, and has made no showing, that he is incarcerated or otherwise in custody pursuant to a state court judgment as a consequence of the administrative suspension and/or revocation of his driver's license. A petitioner for habeas relief under § 2254 must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The administrative suspension and/or revocation of a driver's license does not render a habeas petitioner "in custody" for that purpose. *See Jones v. Grant*, No. 00-2314, 5 Fed. Appx. 836, 2001 WL 201974 at **1 (10th Cir. March 1, 2001) (unpublished) (cited for its persuasive value) (district court lacked subject matter jurisdiction to grant habeas relief from state agency's administrative suspension of petitioner's driver's license because suspension or revocation of his driver's license did not render him "in custody" within the meaning of § 2254(a)).

9. Nor has Mr. Bourdon alleged or shown that he is in custody pursuant to a state court judgment as a consequence of his prosecution for traffic offenses in the Magistrate Court of

4

Sandoval County, New Mexico. The exhibits to the State Respondents' Answer (*Doc. 13*) show that no sentence has been imposed in the Magistrate Court proceeding. *See* State Respondents' Answer (*Doc. 13*), Exhibits A-B, D-G (*Doc. 13-2* at pages numbered 1-2 and 4-9 in the Court's CM-ECF electronic docketing system). A check of the public docket for the Magistrate Court proceeding by this Court on August 22, 2008, shows that no sentence has been imposed in that proceeding and that Mr. Bourdon is scheduled for sentencing on September 4, 2008.[6] Since Mr. Bourdon's incarceration is not the result of a state court judgment, this Court lacks subject matter over his claim related to his prosecution in the Magistrate Court. *See Prince v. Bailey*, 464 F.2d 544, 545 (5th Cir. 1972) (court lacked subject matter jurisdiction over habeas petition under § 2254 where petitioner's incarceration was not the result of a state court judgment).

10. Because Mr. Bourdon is not in custody pursuant to a state court judgment as a consequence of the administrative suspension and/or revocation of his driver's license, or his prosecution for traffic offenses in the Magistrate Court of Sandoval County, New Mexico, this Court lacks subject matter jurisdiction over his claims related to those matters and those claims should be dismissed without prejudice for lack of subject matter jurisdiction.

### *Exhaustion of Tribal Remedies*

11. Mr. Bourdon's remaining claim relates to his conviction in the Pueblo of Tesuque Tribal Court. Because Mr. Bourdon is challenging the judgment of a tribal court as opposed to a state court, the Court construes this as a claim for habeas corpus relief under 25 U.S.C. §1303 and recommends that this claim be dismissed without prejudice for failure to exhaust tribal remedies.

---

[6]The docket for the Magistrate Court proceeding is available to the public on-line at the New Mexico Courts website at http://www.nm.court.gov. The Court takes judicial notice of the docket information on the website pursuant to Fed. R. Evid. 201.

12. 25 U.S.C. § 1303 makes habeas corpus "available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." Because Mr. Bourdon is detained in the SFCDC pursuant to a judgment of the Tesuque Tribal Court and he challenges the legality of that detention, the Court construes his claim as one for habeas relief under § 1303.

13. Although there is no express exhaustion requirement in the language of 25 U.S.C. § 1303, a majority of Courts considering the issue have held, as a matter of comity, that a petitioner must normally exhaust tribal remedies before filing a petition for writ of habeas corpus under § 1303. *See, e.g., Necklace v. Tribal Court of Three Affiliated Tribes of Fort Berthold Reservation*, 554 F.2d 845, 846 (8th Cir. 1977); *Lyda v. Tah-Bone*, 962 F. Supp. 1434, 1435-36 (D. Utah 1997); *Wounded Knee v. Andera*, 416 F.Supp. 1236, 1238 (D. S.D. 1976). *See also Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1209 (10th Cir. 1999) (remanding habeas case filed under 25 U.S.C. § 1303 and 28 U.S.C. § 2241 for consideration of whether petitioners sufficiently exhausted their tribal remedies).

14. Exceptions are made to the exhaustion requirement "where an assertion of tribal jurisdiction 'is motivated by a desire to harass or is conducted in bad faith,' or where the action is patently violative of express jurisdictional provisions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction." *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 n. 21 (1985), quoting *Juidice v. Vail*, 430 U.S. 327, 338 (1977). *See also Selam v. Warm Springs Tribal Correctional Facility*, 134 F.3d 948, 954 (9th Cir. 1998) ("[I]n the few cases where we have relaxed the exhaustion requirement, the litigant was able to show either that exhaustion would have been futile or that the tribal court of appeals offered no adequate remedy."); *Wounded Knee v. Andera*,

416 F.Supp. at 1239 (exhaustion not required if resort to tribal remedies would be futile); *LaVallie v. Turtle Mountain Tribal Court*, No. 4-06-CV-9, 2006 WL 1069704 at *2 (D.N.D. April 18, 2006) (unpublished) (stating "rule of exhaustion is not an inflexible one" and citing the language quoted above in *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*).

15.     It is undisputed that the Pueblo of Tesuque has an appellate court consisting of the Pueblo's Governor and Tribal Council.  *See* Tribal Respondents' Answer (*Doc. 12*), Attachment 3 (*Doc. 12-2* at pages numbered 7-8 in the Court's CM-ECF electronic docketing system).  The Pueblo's First Amended and Restated Law and Order Code states, in Title I, Article 5, Section 1-5-3, that "[a]ny *party* aggrieved by a judgment or final order of the Pueblo of Tesuque Tribal Court *in any case* shall be entitled to appeal to the Governor and Tribal Council."  *Id.* at 7 (emphasis added).  The same code states further that a party seeking appellate review must file a motion to appeal with the Tesuque Tribal Court "no later than fifteen (15) working days after the judgment or final order of the Pueblo of Tesuque Tribal Court is entered."  *Id.*  Thus, Mr. Bourdon had a tribal remedy consisting of the right to appeal his tribal court conviction to the Pueblo's Governor and the Tribal Council.

16.     Mr. Bourdon did not file a motion with the Tesuque Tribal Court to appeal his tribal court conviction.  Instead, in this habeas proceeding, he appears to ask the Court for relief from his tribal court conviction and, presumably, release from custody pursuant to the tribal court judgment.[7]  However, Mr. Bourdon has made no showing that the exhaustion requirement should not be applied to his Application.  He has not shown that the tribal court proceedings were motivated by a desire

---

[7]Mr. Bourdon's Application is not specific regarding the relief he seeks.  The language of the preprinted form he used for the Application states that he "prays that the court grant him such relief to which he may be entitled in this proceeding."  Application (*Doc. 1*) at 13.

7

to harass him or conducted in bad faith, that those proceedings violated any express jurisdictional provisions, or that exhaustion of tribal remedies would be futile.  Consequently, the Court finds that Mr. Bourdon's habeas claim under 25 U.S.C. § 1303 should be dismissed without prejudice for failure to exhaust tribal remedies so Mr. Bourdon can satisfy the exhaustion requirement by completing an appeal to the Tesuque Pueblo Governor and Tribal Council.

17.     The Court notes that the Pueblo's First Amended and Restated Law and Order Code states, in Title I, Article 5, Section 1-5-3, that a motion to appeal "shall be filed with the Pueblo of Tesuque Tribal Court no later than fifteen (15) working days after the judgment or final order of the Pueblo of Tesuque Tribal Court is entered[,]" and that an "[a]ppellant will forfeit the right to appeal for failure to file a Motion to Appeal within this time limitation[.]"  Tribal Respondents' Answer (*Doc. 12*), Attachment 3 (*Doc. 12-2* at page numbered 7 in the Court's CM-ECF electronic docketing system).  This provision indicates that it may be too late for Mr. Bourdon to seek appellate review of his tribal court conviction by the Pueblo Governor and the Tribal Council.  However, the entire tribal code is not before the Court and it is unclear whether the Governor and Tribal Council have authority to extend the deadline for filing an appeal or otherwise alter the deadline for filing a motion to appeal.  In deference to the Pueblo of Tesuque and its tribal courts, this Court concludes that Mr. Bourdon's habeas claim under 25 U.S.C. § 1303 should be dismissed without prejudice so he can at least attempt to exhaust his tribal remedies by an appeal to the Pueblo Governor and the Tribal Council.  *See Donnell v. Red Lake Tribe*, No. 04-5086JNEJGL, 2005 WL 2250767 at *7 (D. Minn. Sept. 13, 2005) (unpublished) (where it was unclear whether habeas petitioner was barred by the fifteen (15) day time limit from seeking appeal of his conviction in tribal court, the federal

court, in deference to tribal courts, dismissed his case without prejudice so he could attempt to exhaust his tribal court remedies).

18. Because Mr. Bourdon's habeas claim under 25 U.S.C. § 1303 related to his tribal court conviction must be dismissed for failure to exhaust tribal remedies, this Court need not decide Tribal Respondents' arguments on the merits of that claim or their argument that they are not proper respondents to this action.

### *Conclusion*

19. For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction over Mr. Bourdon's claims under 28 U.S.C. § 2254 related to the administrative suspension and/or revocation of his driver's license and his prosecution for traffic offenses in the Magistrate Court of Sandoval County, New Mexico, and those claims should be dismissed without prejudice. The Court further finds that Mr. Bourdon has failed to exhaust tribal remedies with regard to his claim under 25 U.S.C. § 1303 related to his conviction in the Pueblo of Tesuque Tribal Court and, therefore, that claim should also be dismissed without prejudice. Consequently, the Court recommends that Mr. Bourdon's Application, and this case, be dismissed without prejudice.

### **RECOMMENDED DISPOSITION**

The Court recommends that Mr. Bourdon's *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* (*Doc. 1*) and this case be **DISMISSED WITHOUT PREJUDICE**.

*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**